

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

―――――――――――――――――

No. 02-21-00442-CV

―――――――――――――――――

GARY SMITH, Appellant

V.

NATIONAL PROTECTIVE SERVICES, Appellee

―――――――――――――――――

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-318020-20

―――――――――――――――――

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

The trial court granted summary judgment for Appellee National Protective Services (NPS) on Appellant Gary Smith's claims against it. Smith filed a motion to set aside the judgment, which the trial court denied. Smith then filed a motion to reconsider and a motion for new trial, which were overruled by operation of law. On December 29, 2021, Smith filed a notice of appeal.

Smith's brief was due on April 13, 2022. On that date, he filed a motion for extension of time to file his brief, which this court granted, giving him a new briefing deadline of May 13, 2022.

On May 19, 2022, NPS filed a motion to dismiss for want of prosecution on the ground that Smith had not filed his brief, requested additional time, or made any effort to prosecute his appeal. The next day, Smith filed a "Letter to Court," which we construed as a motion for extension of time, asserting that he had not received the copy of the clerk's record that had been sent to him. We granted Smith's extension motion and gave him until June 28, 2022 to file his brief.

On July 19, 2022, we notified Smith that his brief was late again and that his appeal could be dismissed unless he or any party wanting to continue the appeal filed a brief by July 29, 2022, along with a motion reasonably explaining his failure to file the brief and the need for an extension. On August 1, 2022, Smith responded with another "Letter to the Court" in which he stated he had still not received a copy of the clerk's record re-sent by this court and that someone had destroyed his computer.

On September 1, 2022, NPS filed a second motion to dismiss asserting that Smith's letter did not reasonably explain his failure to file a brief.

This court did not rule on NPS's second dismissal motion at that time, but on September 2, 2022, this court sent Smith a letter stating that this appeal could be dismissed for want of prosecution unless Smith or any party desiring to continue the appeal filed a brief with the court on or before September 12, 2022, along with a motion reasonably explaining the failure to file a brief and the need for an extension. *See* Tex. R. App. P. 10.5(b), 38.8(a)(1).

On September 13, 2022, we received a phone call from Smith, which prompted the court to issue a letter informing him that we were once again sending him a copy of the clerk's record, that we were extending his brief due date until October 17, 2022, and that further extension requests would be denied. On October 17, 2022, Smith finally filed his brief.

However, Smith's brief fails to comply with the appellate rules in that it (1) does not contain the statement of facts with record references, *see* Tex. R. App. P. 38.1(g); (2) does not contain a summary of argument, *see* Tex. R. App. P. 38.1(h); (3) does not contain a clear and concise argument for the contentions made, with appropriate citations to legal authorities and to the record, *see* Tex. R. App. P. 38.1(i); (4) does not contain a prayer, *see* Tex. R. App. P. 38.1(j); (5) does not contain an appendix, *see* Tex. R. App. P. 38.1(k); (6) does not contain a front cover, *see* 2nd Tex. App. (Fort Worth) Loc. R. 1.A; and (7) does not contain a certificate of compliance,

*see* Tex. R. App. P. 9.4(i). We requested that Smith file a corrected brief remedying the identified rule violations, and we warned him that failure to do so could result in this court striking the filed brief and dismissing the appeal. Smith filed a motion requesting more time to correct the brief, which this court granted, giving him until November 18, 2022 to correct his brief. He has not filed a corrected brief.

A pro se litigant is held to the same standard as a licensed attorney. Thus, while an appellant has the right to represent him- or herself on appeal, that right comes with the obligation to follow the applicable rules of procedure, including the Texas Appellate Rules of Procedure.[1] *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.). Smith was therefore required to file a brief that complied with the mandatory appellate briefing rules. *See Porter v. Kennard Law PC*, No. 01-22-00153-CV, 2022 WL 11413164, at *4 (Tex. App.—Houston [1st Dist.] Oct. 20, 2022, no pet. h.) (mem. op.). We strike Smith's brief and dismiss his appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1) , 38.9(a), 42.3(b), (c); *Porter*, 2022 WL 11413164, at *4. We overrule NPS's second motion as moot.

Per Curiam

Delivered:  January 19, 2023

---

[1]Smith's brief asserts that the trial court erred by holding him to the same standard as a licensed attorney, but the trial court was required to do exactly that. *See Yeldell*, 2008 WL 4053014, at *2.